# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JEFF POFFENBARGER,<br><br>    Plaintiff,<br><br>  v.<br><br>KEY BANK CORPORATION, KEYCORP; PAULA FRACKMAN, and CHRISTOPHER GORMAN,<br><br>    Defendants. | Case No. 3:23-cv-00049-JMK |

## ORDER DIRECTING SERVICE

Self-represented Plaintiff Jeff Poffenbarger commenced this action on March 2, 2023 and paid the filing fee.[1] The Clerk of Court issued summonses on March 23, 2023. This order now is being issued to direct Plaintiff how to proceed so as to effect service in this case.

**IT IS THEREFORE ORDERED:**

1. Plaintiff shall proceed with the steps outlined in this order to ensure that service of process is completed no later than **ninety (90) days from the date of this order**.[2] This means that no later than 90 days from the date of this order, Plaintiff must complete initial service of the Complaint and Summons <u>and</u> file completed Proof of Service forms with the Court.

---

[1] Docket 1.

[2] *See* Fed. R. Civ. P. 4(m).

2. When Plaintiff receives the summonses issued by the Clerk of Court, Plaintiff should make copies for their records. Plaintiff then must serve the Complaint and issued summonses in accordance with Rule 4, Federal Rules of Civil Procedure.

3. The requirements of service are not considered met unless proof of service is submitted to the Court within ninety (90) days of this Order.[3]

4. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date. The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed.

5. After service of the Complaint, all future papers sent to the Court must be identified with the name of the Court, the case number, the name of the Plaintiff, the name of the Defendant, and the title of the document, as illustrated on the first page of this order.[4]

6. Plaintiff shall serve a copy of all further filings submitted to the Court upon Defendant or, if an appearance has been entered by counsel for Defendant,

---

[3] Fed. R. Civ. P. Rule 4(l)(1).

[4] *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties."); *see also* L. Civ. R. 7.5.

Case No. 3:23-cv-049-JMK, *Poffenbarger v. Key Bank Corporation, Keycorp et al*
Order Directing Service
Page 2 of 5

on Defendant's attorney(s).[5] Plaintiff shall include with any original paper filed with the Clerk of Court a certificate stating the date that an exact copy of the document was mailed to each defendant or defendant's counsel. A Certificate of Service may be written in the following form at the end of the document:

> I hereby certify that a copy of the above (name of document) was mailed, first class, U.S. mail, to (name of opposing party or counsel) at (address) on (date).
>
> (Signature)

Any paper received by a District Court Judge or Magistrate Judge that does not include a Certificate of Service indicating that each defendant was served with a copy of that document will be disregarded by the Court.

7. When the Court receives a filing in this case, the Clerk's Office will mail to you a Notice of Electronic Filing ("NEF") that indicates when the document was filed and the docket number of the document in the electronic case file for this case.

8. All litigants are responsible for keeping copies of everything filed with the Court. As a courtesy, the Clerk's Office will keep original filings from Self-Represented litigants, including exhibits, for 180 days from the date the document was filed. However, litigants should not send important original documents or documents that cannot be replaced to the Court. If an original

---

[5] *See* Fed. R. Civ. P. 5.

must be returned, a Motion for Return of Document should be filed as soon as possible.

9. No party shall have any *ex parte* communication with a District Court Judge or Magistrate Judge of this Court about the merits of this action. This means that parties cannot communicate with any judge without the presence and/or knowledge and consent of the other parties. For example, Plaintiff shall not write letters to, or call, a judge directly. Any request for action by the Court during these proceedings must be filed with the Clerk of Court as a motion.

10. A motion should contain the information identified in the caption of this Order and should be titled "Motion for (add the relief requested)." In a motion, a party should state specifically and concisely what he or she wants so that the Court understands what the party is requesting, along with any relevant legal authority that supports the party's request. This Court's Local Civil Rule 7.1(b) requires that each motion be filed with a proposed order that the Court can issue if the motion is granted. The proposed order helps to clarify what the moving party is asking the Court to do.

11. All documents filed with the Clerk of Court must contain an original signature, and must be mailed to the Court at the following address:

> U.S. District Court
> 222 West 7th Avenue, #4
> Anchorage, Alaska 99513

12. The Clerk of Court is directed to send a copy of the Court's *pro se* handbook, "Representing Yourself in Alaska's Federal Court" with this order.

DATED this 10th day of April, 2023, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE
