IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JEFF POFFENBARGER,<br><br>      Plaintiff,<br><br>  v.<br><br>KEY BANK CORPORATION, KEYCORP; PAULA FRACKMAN, and CHRISTOPHER GORMAN,<br><br>      Defendants. | Case No. 3:23-cv-00049-JMK |

## ORDER RE: MOTION TO DISMISS

At Docket 10, Defendants have filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Under Rule 12(b)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Plainly, this means that a defendant argues that even if everything in the complaint is true, the defendant did not violate the law. To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[1] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

plaintiff the benefit of the doubt.[2] The Court resolves a motion under 12(b)(6) only on the pleadings before it; therefore, no additional evidence may be submitted to defend those arguments.

Local Civil Rule 7.4 requires that unless otherwise ordered, opposition memoranda must not exceed 35 pages or 10,000 words. Further, a proposed order does not need to be lodged with any cross-motion for summary judgment pursuant to Local Civil Rule 7.1(b)(1). Failure to respond to the Motion to Dismiss could be deemed as an admission that the motion is well-taken, result in a summary ruling, and end the case.[3]

**IT IS THEREFORE ORDERED:**

1. Plaintiff has until on or before **21 days after the date of this order** to serve and file on Defendant any opposition to Defendant's Motion for to Dismiss at Docket 10.

2. Defendant has until **14 days** after service of the Plaintiff's opposition to serve and file a reply.

DATED this 30th day of June, 2023, at Anchorage, Alaska.

/s/ Joshua M. Kindred
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

---

[2] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[3] *See generally* Local Civil Rule 7.1(h).