# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JEFFREY S. POFFENBARGER,<br><br>          Plaintiff,<br><br>     v.<br><br>EQUIFAX and/or Present-Day CEO MARK BEGOR; EXPERIAN INFORMATION SOLUTIONS, INC. and/or Present-Day CEO BRIAN CASSIN; TRANSUNION and/or Present-Day CEO CHRISTOPHER A. CARTWRIGHT,<br><br>          Defendants. | Case No. 3:23-cv-00034-SLG |
| JEFFREY S. POFFENBARGER,<br><br>          Plaintiff,<br><br>     v.<br><br>KEY BANK CORPORATION, KEYCORP; PAULA FRACKMAN; CHRISTOPHER M. GORMAN,<br><br>          Defendants. | Case No. 3:23-cv-00049-SLG |

## ORDER RE ALL PENDING MOTIONS

Before the Court are several pending motions filed in related cases that concern the allegedly false reporting of financial and personal information about Plaintiff Jeffery Poffenbarger by KeyBank Corporation, KeyCorp, TransUnion, LLC, Experian Information Solutions, Inc., and Equifax. Plaintiff also names as defendants

certain employees of these entities.

In Case No. 3:23-cv-00049-SLG, Defendants KeyBank Corporation, KeyCorp, Paula Frackman, and Christopher M. Gorman (collectively, "KeyBank") filed a Motion to Dismiss at Docket 10 to which Mr. Poffenbarger filed a response in opposition at Docket 12.

In Case No. 3:23-cv-00034-SLG, Defendants TransUnion, LLC and Christopher Cartwright (collectively, "TransUnion") filed a Motion to Dismiss Plaintiff's Complaint at Docket 9. Mr. Poffenbarger responded in opposition at Docket 17, to which TransUnion replied at Docket 21. Mr. Poffenbarger filed another response in opposition at Docket 22.

Also in Case No. 3:23-cv-00034-SLG at Docket 15, Defendant Experian Information Solutions, Inc. ("Experian"), moved for dismissal and filed a Notice of Joinder in TransUnion's Motion to Dismiss. Equifax Information Services LLC[1] and Mark Begor (collectively "Equifax") filed a Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(b)(5) and 12(b)(6) at Docket 20. Mr. Poffenbarger did not file a response to either of these motions.

At Docket 23 in Case No. 3:23-cv-00034-SLG, Mr. Poffenbarger filed a *Motion for Summary Judgment* to which TransUnion responded at Docket 24. Mr. Poffenbarger filed a reply at Docket 25.

---

[1] Note that although the complaint names Equifax Inc. as a defendant, Equifax Information Services LLC has filed the motion to dismiss. Docket 20 (Case No. 3:23-cv-00034-SLG).

Case No. 3:23-cv-00034-SLG, *Poffenbarger v. Equifax et al.*
Case No. 3:23-cv-00049-SLG, *Poffenbarger v. Key Bank Corporation, Keycorp et al.*
Order re All Pending Motions
Page 2 of 28

Case 3:23-cv-00049-SLG   Document 14   Filed 09/05/23   Page 2 of 28

Oral argument was not requested with respect to any of the pending motions and is not necessary to the Court's determination.

## BACKGROUND

The facts as alleged here by Mr. Poffenbarger for purposes of the motions to dismiss[2] are as follows:  On April 26, 2020, Mr. Poffenbarger closed his secured credit card account with KeyBank.  The account was in good standing when it was closed. A loan officer named Paula Frackman working at the Wasilla branch of KeyBank oversaw the closure of his account.[3]   Mr. Poffenbarger attached a letter to his complaint from Ms. Frackman dated January 8, 2021, stating that his bank account "has been paid in full and is in good standing."[4]   A few months after closing his account, Mr. Poffenbarger received a bill for approximately $20.00 from KeyBank. He called KeyBank and spoke with Ms. Frackman to dispute the charge.  Ms. Frackman assured him that "she would take care of it."  At some later date, Mr. Poffenbarger checked his credit report and discovered that KeyBank had charged off an unpaid balance of $226.00 on his credit card account.  He attached to his complaint a copy of a KeyBank statement showing the $226.00 charge-off.[5]   Mr.

---

[2] *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) ("We accept as true all well-pleaded allegations of material fact, and construe them in the light most favorable to the non-moving party.").

[3] Docket 1 at 1 (Case No. 3:23-cv-00049-SLG).

[4] Docket 1-1 at 1 (Case No. 3:23-cv-00049-SLG) (referencing "account ending in 5721").

[5] Docket 1-2 at 1–2 (Case No. 3:23-cv-00049-SLG) (KeyBank statement showing charge-off on account number 0485).

Case No. 3:23-cv-00034-SLG, *Poffenbarger v. Equifax et al.*
Case No. 3:23-cv-00049-SLG, *Poffenbarger v. Key Bank Corporation, Keycorp et al.*
Order re All Pending Motions
Page 3 of 28

Poffenbarger visited Ms. Frackman eight times after April 26, 2020, and has received "no response." He has also been "fighting to remove this false claim" for "three years" by sending "any number of certified letters," but he has not received any response.[6] Mr. Poffenbarger has attached copies of three different certified mail receipts addressed to KeyBank and a letter he wrote to KeyBank on February 8, 2023, stating that "[he] clearly closed [his] account in good standing with a branch loan officer" and that he intended to file suit "for Defamation of character and Libel and Slander."[7] Mr. Poffenbarger alleges that he has "been rejected on loans for three years based upon this entry upon [his] credit file and it has caused emotional distress and anguish."[8]

KeyBank's motion sets out a factual background that differs in several respects from the recitation of facts in Mr. Poffenbarger's complaint. According to KeyBank, Mr. Poffenbarger did not close his credit card account in good standing. Instead, in April 2020, he failed to make a payment and, in accordance with the agreement extending him credit, his bank account with KeyBank was debited. Because that account contained insufficient funds to cover the unpaid balance on the credit card account, his bank account was closed and the remaining debt on the credit card was charged off.[9] For purposes of KeyBank's motion to dismiss, however, the Court must

---

[6] Docket 1 at 1 (Case No. 3:23-cv-00049-SLG).

[7] Docket 1-1 at 2–3 (Case No. 3:23-cv-00049-SLG).

[8] Docket 1 at 1 (Case No. 3:23-cv-00049-SLG).

[9] Docket 10 at 2 (Case No. 3:23-cv-00049-SLG).

Case No. 3:23-cv-00034-SLG, *Poffenbarger v. Equifax et al.*
Case No. 3:23-cv-00049-SLG, *Poffenbarger v. Key Bank Corporation, Keycorp et al.*
Order re All Pending Motions
Page 4 of 28

Case 3:23-cv-00049-SLG   Document 14   Filed 09/05/23   Page 4 of 28

take the allegations in Mr. Poffenbarger's complaint as true and construe the facts in the light most favorable to Mr. Poffenbarger.[10]

On March 3, 2023, Mr. Poffenbarger, a self-represented litigant, filed suit against KeyBank and KeyBank employees Paula Frackman and Christopher Gorman. He alleges that KeyBank violated "several laws and rules Under USC title 15 and FCRA rules of disclosure." His complaint also invokes "Chapter 47 Fraud and false statements, 1018, Chapter 47, 1005 and 1002, Chapter 42Extortion [sic] credit transactions and Sec. 894." He seeks a default judgment of $10 million dollars and punitive damages. He also requests criminal charges be brought under Title 18.[11]

Previously, on February 17, 2023, Mr. Poffenbarger filed suit as a self-represented litigant against Equifax, Experian, and TransUnion; he alleges they are each a credit reporting agency ("CRA").[12] Whereas his subsequent complaint against KeyBank identifies a specific action taken by KeyBank that he alleges has caused him harm—the $226 charge-off on an account that he alleges had been closed in good standing—his complaint against the CRAs is not as specific. He alleges more generally that the CRA "Defendants have slandered committed libel and defamed my name[,] my credit rating and accuracy for many years" and "committed overt discrimination." He also alleges that the CRA defendants "pass[ed] Social Security

---

[10] *See Daniels-Hall*, 629 F.3d at 998.

[11] Docket 1 at 2 (Case No. 3:23-cv-00049-SLG).

[12] Docket 1 at 1–2 (Case No. 3:23-cv-00034-SLG).

Case No. 3:23-cv-00034-SLG, *Poffenbarger v. Equifax et al.*
Case No. 3:23-cv-00049-SLG, *Poffenbarger v. Key Bank Corporation, Keycorp et al.*
Order re All Pending Motions
Page 5 of 28

Case 3:23-cv-00049-SLG   Document 14   Filed 09/05/23   Page 5 of 28

numbers to foreign workers," "[f]icticiously stat[ed] . . . aliases that never existed" and "addresses [he] never lived at," and refused to "notify of disputes to any and all financial institutions disputed credit file on various accounts." He maintains that the CRAs violated "15USC [sic] and FCRA rules," and the "1974 privacy act."[13] He seeks damages from them in the amount of $10 million per defendant, punitive damages in the amount of $50 million, an "order requiring defendants to correct my Credit Report," and that the "court look into any and all criminal sections of the law and charge defendants accordingly."[14]

KeyBank, Experian, Equifax, and TransUnion all filed motions to dismiss.[15] In the case against the CRAs, Mr. Poffenbarger filed a motion for summary judgment.[16] All motions pending before the Court are ripe for decision.

**JURISDICTION**

The Court has jurisdiction over Mr. Poffenbarger's federal claims pursuant to 28 U.S.C. § 1331. The Court may exercise its supplemental jurisdiction over Mr. Poffenbarger's state claims pursuant to 28 U.S.C. § 1367.

---

[13] Docket 1 at 2 (Case No. 3:23-cv-00034-SLG).

[14] Docket 1 at 3 (Case No. 3:23-cv-00034-SLG).

[15] Docket 10 (Case No. 3:23-cv-00049-SLG); Docket 9, Docket 15, Docket 20 (Case No. 3:23-cv-00034-SLG).

[16] Docket 23 (Case No. 3:23-cv-00034-SLG).

Case No. 3:23-cv-00034-SLG, *Poffenbarger v. Equifax et al.*
Case No. 3:23-cv-00049-SLG, *Poffenbarger v. Key Bank Corporation, Keycorp et al.*
Order re All Pending Motions
Page 6 of 28

Case 3:23-cv-00049-SLG   Document 14   Filed 09/05/23   Page 6 of 28

## LEGAL STANDARD

Equifax CEO Mark Begor specially appeared in this action through counsel to seek his dismissal pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, because Plaintiff has not served Mr. Begor.  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, a defendant must be served within 90 days after the complaint is filed or the court "must dismiss the action against that defendant or order that the service be made within a specified time."

Each defendant moves to dismiss Mr. Poffenbarger's claims against it pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.[17]  "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[18]  Where, as here, the plaintiff is a self-represented litigant, the Court construes the pleadings liberally and accords the plaintiff the benefit of any doubt.[19]  A self-represented plaintiff's complaint should only be "dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts

---

[17] Equifax also filed a motion to dismiss pursuant to Rule 12(b)(5) at Docket 20, Case No. 3:23-cv-cv-000340-SLG, but for the reasons discussed in Section II below, the Court need not and does not reach this claim.  The recitation of the legal standard for Rule 12(b)(5) is accordingly unnecessary in this case.

[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[19] *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).

Case No. 3:23-cv-00034-SLG, *Poffenbarger v. Equifax et al.*
Case No. 3:23-cv-00049-SLG, *Poffenbarger v. Key Bank Corporation, Keycorp et al.*
Order re All Pending Motions
Page 7 of 28

Case 3:23-cv-00049-SLG   Document 14   Filed 09/05/23   Page 7 of 28

in support of his claim which would entitle him to relief.'"[20]  If the pleadings can be cured by the allegation of additional facts, a pro se plaintiff should be accorded leave to amend.[21]

## DISCUSSION

### I.  Mr. Poffenbarger's Amended Complaint

In Case No. 3:23-cv-00049-SLG at Docket 8, Mr. Poffenbarger filed an "Amendment to Original Complaint."  If his intent was to amend his complaint, this fails under Rule 15 of Federal Rules of Civil Procedure.  Rule 15(a) governs when a party may amend his pleadings.  Under that rule, a plaintiff may amend a complaint (1) within 21 days after service the complaint; (2) within 21 days after the service of a responsive pleading or a motion under Rule 12(b), (e), or (f); or (3) with the opposing party's consent or the court's permission.  None of these alternatives apply here.  Additionally, Local Civil Rule 15.1 governs this Court's practice for amending pleadings:  "The proposed amended pleading must not incorporate by reference any prior pleading, including exhibits."  This is because an amended complaint replaces the prior complaint in its entirety.  Accordingly, to file an amended complaint, a plaintiff must file a motion and attach a proposed amended complaint that includes all the

---

[20] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

[21] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696 (9th Cir. 1988) (explaining that "[t]he standard for granting leave to amend is generous" in the context of dismissing a pro se complaint); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) ("[B]efore dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively.").

Case No. 3:23-cv-00034-SLG, *Poffenbarger v. Equifax et al.*
Case No. 3:23-cv-00049-SLG, *Poffenbarger v. Key Bank Corporation, Keycorp et al.*
Order re All Pending Motions
Page 8 of 28

Case 3:23-cv-00049-SLG   Document 14   Filed 09/05/23   Page 8 of 28

claims the plaintiff seeks to allege. Because Mr. Poffenbarger did not comply with these rules, the Court has not considered his "Amendment to Original Complaint."

## II.    Dismissal Under Rule 12(b)(5)

Plaintiff's complaint against the CRAs names "Equifax and or Present-day CEO Mark Begor" as one set of defendants. Plaintiff has not filed any proof of service of the complaint upon Mr. Begor and more than 90 days has elapsed since the complaint was filed.[22]   Moreover, Plaintiff was notified of the service deficiency in Equifax's motion filed on April 27, 2023 and has not addressed it since. Therefore, Equifax CEO Mark Begor is dismissed pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.

## III.    Fair Credit Reporting Act Claims

The Fair Credit Reporting Act ("FCRA") is central to most of Mr. Poffenbarger's claims against all defendants. The Act allows for a consumer to recover from "[a]ny person" the "actual damages sustained by the consumer" as a result of a "willful[] fail[ure]" to comply with that act, in an amount "of not less than $100 and not more than $1,000." It also provides for "such amount of punitive damages as the court may allow."[23]

As a preliminary matter, Equifax contends that Mr. Poffenbarger fails to state

---

[22] *See* Rule 4(e), Federal Rules of Civil Procedure (setting forth the procedure for serving an individual within a judicial district of the United States).

[23] 15 U.S.C. § 1681n.

Case No. 3:23-cv-00034-SLG, *Poffenbarger v. Equifax et al.*
Case No. 3:23-cv-00049-SLG, *Poffenbarger v. Key Bank Corporation, Keycorp et al.*
Order re All Pending Motions
Page 9 of 28

Case 3:23-cv-00049-SLG    Document 14    Filed 09/05/23    Page 9 of 28

a claim against it under the FCRA because Equifax is not a CRA.[24]  The FCRA

defines a CRA in relevant part as "any person which . . . regularly engages in whole

or in part in the practice of assembling or evaluating consumer credit information . . .

for the purpose of furnishing consumer reports to third parties."[25]  Numerous courts

that have considered the issue have found that Equifax, Inc., is not a CRA as a matter

of law because it does not generate consumer reports; instead, Equifax, Inc., is a

holding corporation.[26]  It is instead Equifax, Inc.'s subsidiary, Equifax Information

Services LLC, that operates as a CRA for purposes of the FCRA because it prepares

consumer reports.  In sum, Mr. Poffenbarger has sued the wrong party.  Because

Equifax, Inc., is not a consumer reporting agency, the FCRA claims brought against

it are dismissed with prejudice, but the Court grants Mr. Poffenbarger leave to amend

to name the correct party.[27]

If Mr. Poffenbarger elects to timely file an amended complaint and bring his

FCRA claims against Equifax Information Services LLC, the amended complaint will

---

[24] Docket 20 at 5–6 (Case No. 3:23-cv-00034-SLG).

[25] 15 U.S.C. § 1681a(f).

[26] *See, e.g.*, *Greear v. Equifax, Inc.*, Case No. 13-11986, 2014 WL 1378777, at *1 (E.D. Mich. Apr. 8, 2014) (granting summary judgment in Equifax, Inc.'s favor because it is not a consumer reporting agency subject to the requirements of the FCRA); *Channing v. Equifax, Inc.*, Case No. 5:11-CV-293-FL, 2013 WL 593942, at *2 (E.D.N.C. Feb. 15, 2013) (same); *Ransom v. Equifax Inc.*, Case No. 09-80280-CIV, 2010 WL 1258084, at *3 (S.D. Fla. Mar. 30, 2010) (same); *Slice v. Choicedata Consumer Servs., Inc.*, Case No. 3:04-CV-428, 2005 WL 2030690, at *1, *3 (E.D. Tenn. Aug. 23, 2005) (same).

[27] Because the Court dismisses the claims against Equifax as the wrong party to this litigation, the Court will not consider the remaining arguments raised in Equifax's motion to dismiss.

Case No. 3:23-cv-00034-SLG, *Poffenbarger v. Equifax et al.*
Case No. 3:23-cv-00049-SLG, *Poffenbarger v. Key Bank Corporation, Keycorp et al.*
Order re All Pending Motions
Page 10 of 28

Case 3:23-cv-00049-SLG   Document 14   Filed 09/05/23   Page 10 of 28

relate back to the date of the original pleading for purposes of the statute of limitations.[28]  Put another way, Rule 15 would permit the Court to treat the amended complaint as though it had been filed on February 17, 2023, to determine whether Mr. Poffenbarger filed his claims before two years elapsed after the date of discovery of the alleged FCRA violation.[29]

Turning to the FCRA claims brought against the remaining CRAs, Mr. Poffenbarger's complaint has not identified any specific section of the FCRA that has allegedly been violated.[30]  Construing the complaint liberally, the Court finds that 15 U.S.C. §§ 1681e(b) and 1681i might be applicable in this case.  Section 1681e(b) requires CRAs to follow "reasonable procedures" to ensure the accuracy of consumer reports, and Section 1681i relates to the investigation of consumer disputes.[31]  The

---

[28] Fed. R. Civ. P. 15(c) ("An amendment to a pleading relates back to the date of the original pleading when . . . the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.").

[29] 15 U.S.C. § 1681p(1).

[30] Docket 1 (Case No. 3:23-cv-00034-SLG).

[31] 15 U.S.C. § 1681e(b) ("Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."); 15 U.S.C. § 1681i(a)(1)(A) ("[I]f the completeness or accuracy of any item or information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.").

Case No. 3:23-cv-00034-SLG, *Poffenbarger v. Equifax et al.*
Case No. 3:23-cv-00049-SLG, *Poffenbarger v. Key Bank Corporation, Keycorp et al.*
Order re All Pending Motions
Page 11 of 28

elements of a claim brought pursuant to Section 1681e(b) are as follows:

> (1) the defendant included inaccurate information in a plaintiff's credit report; (2) the inaccuracy was due to defendant's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the defendant acted pursuant to an objectively unreasonable interpretation of the statute; (4) the plaintiff suffered injury; and (5) the plaintiff's injury was caused by the inaccurate entry.[32]

And the elements of a claim pursuant to Section 1681i are:

> (1) The plaintiff's credit file contains inaccurate or incomplete information; (2) The plaintiff notified the credit reporting agency directly of the inaccurate or incomplete information; (3) The plaintiff's dispute is not frivolous or irrelevant; (4) The credit reporting agency failed to respond to plaintiff's dispute; (5) The failure to reinvestigate caused [the plaintiff] to suffer damages; (6) Actual damages resulted to the plaintiff. Actual damages may include damages for humiliation, mental distress, and injury to reputation and creditworthiness, even if plaintiff has suffered no out-of-pocket losses.[33]

One key element that is the same under both sections is that Mr. Poffenbarger must present evidence showing that a CRA prepared a credit report containing inaccurate information.[34]

---

[32] *Leslie v. Experian Info. Sols., Inc.*, Case No. 21-00334 JMS-RT, 2023 WL 5000770, at *4 (D. Haw. Aug. 4, 2023) (citations omitted) (footnote omitted).

[33] *Thomas v. Trans Union LLC*, 197 F. Supp. 2d 1233, 1236 (D. Or. 2002) (citations omitted); *Carvalho v. Equifax Info. Servs., LLC*, 588 F. Supp. 2d 1089, 1095 (N.D. Cal. 2008); *but see Acton v. Bank One Corp.*, 293 F. Supp. 2d 1092, 1098 (D. Ariz. 2003) ("To establish a claim under § 1681i(a) the Plaintiff must establish: (1) he notified Equifax directly of a disputed item in his credit file; (2) Equifax failed to reinvestigate free of charge and either record the current status of the disputed information or delete the item from the file as required by § 1681i(a)(5) within the 30-day period; (3) Equifax's failure to comply with the statute was negligent; (4) Equifax's failure caused the Plaintiff's injury." (citation omitted)).

[34] *See, e.g.*, *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995) ("In order to make out a prima facie violation under § 1681e(b), a consumer must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information." (citation omitted)); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010) ("[A] plaintiff filing suit under section 1681i must make a 'prima facie showing of inaccurate reporting.'"

Case No. 3:23-cv-00034-SLG, *Poffenbarger v. Equifax et al.*
Case No. 3:23-cv-00049-SLG, *Poffenbarger v. Key Bank Corporation, Keycorp et al.*
Order re All Pending Motions
Page 12 of 28

Case 3:23-cv-00049-SLG   Document 14   Filed 09/05/23   Page 12 of 28

To bring his claims pursuant to the FCRA, Mr. Poffenbarger's complaint must satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a)(2) instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief." A complaint should set out each claim for relief separately. Each claim should identify (1) the specific harm that a plaintiff is alleging has occurred to him, (2) when that harm occurred, (3) where that harm was caused, and (4) who he is alleging caused that specific harm to him. While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[35] A complaint is insufficiently plead if it offers "naked assertions devoid of further factual enhancement."[36]

Here, Mr. Poffenbarger's complaint against the CRAs does not contain sufficient plausible facts to meet the requirements of Rule 8 for a claim for damages under the FCRA. The complaint provides only vague and general statements of inaccurate reporting, stating that the CRAs "committed libel and defamed my name[,] my credit rating and accuracy for many years."[37] He maintains that they "[f]ictitiously stat[ed] I have aliases that never existed, [s]how[ed] addresses I have never lived at,

---

(quoting *Dennis v. BEH-1, LLC*, 520 F.3d 1066, 1069 (9th Cir. 2008))).

[35] *Ashcroft*, 556 U.S. at 678.

[36] *Id.* (alterations, quotations marks, and citation omitted).

[37] Docket 1 at 2 (Case No. 3:23-cv-00034-SLG).

Case No. 3:23-cv-00034-SLG, *Poffenbarger v. Equifax et al.*
Case No. 3:23-cv-00049-SLG, *Poffenbarger v. Key Bank Corporation, Keycorp et al.*
Order re All Pending Motions
Page 13 of 28

Case 3:23-cv-00049-SLG   Document 14   Filed 09/05/23   Page 13 of 28

and refus[ed] to notify of disputes to any and all financial institutions."[38]  But he does not identify the aliases or addresses in his credit reports that was inaccurate nor when those inaccurate listings occurred.  While he attached to his oppositions some additional evidence, a court ordinarily does not consider any materials or new allegations outside of the complaint and its attachments for purposes of a Rule 12(b)(6) motion.[39]

Moreover, to survive the motion to dismiss, Mr. Poffenbarger's complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[40]  This means that Mr. Poffenbarger's complaint must demonstrate how each of the elements of Sections 1681e(b) and 1681i that are enumerated above have been satisfied.  For these reasons, the Court must dismiss the FCRA claims brought against TransUnion and Experian.  However, the Court grants leave to Mr. Poffenbarger to file an amended complaint in accordance with the guidance provided herein.[41]

---

[38] Docket 1 at 2 (Case No. 3:23-cv-00034-SLG).

[39] *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("The focus of any Rule 12(b)(6) dismissal . . . is the complaint.").  Mr. Poffenbarger raised numerous new claims and arguments in his oppositions to the motions to dismiss, including his contention that the attorneys representing the CRA defendants are unlicensed and that there is a conflict of interest because several of these attorneys are licensed in Alaska.  Docket 17 at 2, 6 (Case No. 3:23-cv-00034-SLG).  The Court will not consider these arguments at this time as they have not been properly raised.

[40] *Ashcroft*, 556 U.S. at 678 (citation omitted).

[41] In his opposition to TransUnion's motion to dismiss, Mr. Poffenbarger appears to be challenging the use and reporting of his personal information by CRAs to third parties and foreign companies. Docket 17 at 3 (Case No. 3:23-cv-00034-SLG).  However, Mr. Poffenbarger may not raise new claims in an opposition to a motion to dismiss; rather, he may attempt to plead this claim in an

Case No. 3:23-cv-00034-SLG, *Poffenbarger v. Equifax et al.*
Case No. 3:23-cv-00049-SLG, *Poffenbarger v. Key Bank Corporation, Keycorp et al.*
Order re All Pending Motions
Page 14 of 28

The Court now considers the FCRA claims brought against KeyBank. With respect to the FCRA claims, Mr. Poffenbarger's complaint against KeyBank states with particularity the nature of the harm for which he is seeking relief. He contends that KeyBank incorrectly reported a charge-off of $226 in 2020 despite his attempts to dispute this charge, and that this incorrect reporting has caused him to be rejected when applying for loans.[42] Although Mr. Poffenbarger's complaint has not identified any specific section of the FCRA that has allegedly been violated, the Court has construed the complaint liberally and finds that 15 U.S.C. § 1681s-2 may be applicable to that claim.

Section 1681s-2 "imposes some duties on the sources that provide credit information to CRAs, called 'furnishers' in the statute."[43] Subsection (a) prohibits furnishers from (1) reporting information if the reporter "knows or has reasonable cause to believe that the information is inaccurate" and (2) reporting information after receiving notice from the consumer that specific information is inaccurate, and the information is, in fact, inaccurate.[44] KeyBank contends that the Court should dismiss Mr. Poffenbarger's FCRA claims because § 1681s-2(a)(5)(A) permits furnishers to

_____

amended complaint.

[42] Docket 1 at 1 (Case No. 3:23-cv-00049-SLG).

[43] *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 & n.7 (9th Cir. 2009) ("The most common . . . furnishers of information are credit card issuers, auto dealers, department and grocery stores, lenders, utilities, insurers, collection agencies, and government agencies." (quoting H.R. Rep. No. 108-263, at 24 (2003)).

[44] 15 U.S.C. § 1681s-2(a)(1)(A), (B).

Case No. 3:23-cv-00034-SLG, *Poffenbarger v. Equifax et al.*
Case No. 3:23-cv-00049-SLG, *Poffenbarger v. Key Bank Corporation, Keycorp et al.*
Order re All Pending Motions
Page 15 of 28

Case 3:23-cv-00049-SLG   Document 14   Filed 09/05/23   Page 15 of 28

report charge-offs to CRAs.[45]   This argument misses the point, however, because Mr. Poffenbarger is alleging that KeyBank reported an inaccurate charge-off, not that KeyBank cannot report charge-offs at all.[46]

Nonetheless, there is a different reason that Mr. Poffenbarger cannot state a claim for which relief may be granted against KeyBank pursuant to subsection (a). This is because subsection (a) does not create a private right of action that would allow Mr. Poffenbarger to obtain relief for a violation of this subsection's requirements.[47]   Instead, subsection (a) "shall be enforced exclusively . . . by the Federal agencies and officials and the State officials."[48]   Accordingly, to the extent that Mr. Poffenbarger seeks to pursue a claim against KeyBank pursuant to § 1681s-2(a), the Court dismisses this claim with prejudice.

By contrast, § 1681s-2(b) creates a private right of action that would permit Mr. Poffenbarger to sue KeyBank for an alleged violation of its requirements.   The obligations of subsection (b) "arise only after the furnisher receives notice of dispute from a CRA; notice of a dispute received directly from the consumer does not trigger

---

[45] Docket 10 at 5 (Case No. 3:23-cv-00049-SLG).

[46] Docket 1 at 1 ("Later I had my credit pulled only to find a charge off from Key bank for $226.00 and for three years have been fighting to remove this false claim.") (Case No. 3:23-cv-00049-SLG).

[47] *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002) (observing that "§ 1681s-2(a) carefully prevents a consumer from suing a furnisher of even information known by the furnisher to be inaccurate").

[48] 15 U.S.C. §1681s-2(d); *see also Nelson*, 282 F.3d at 1059 ("[S]ubsection (d) of § 1681s-2 . . . provides that subsection (a) 'shall be enforced exclusively under section 1681s of this title by the Federal agencies and officials and the State officials identified in that section.'").

Case No. 3:23-cv-00034-SLG, *Poffenbarger v. Equifax et al.*
Case No. 3:23-cv-00049-SLG, *Poffenbarger v. Key Bank Corporation, Keycorp et al.*
Order re All Pending Motions
Page 16 of 28

Case 3:23-cv-00049-SLG    Document 14    Filed 09/05/23    Page 16 of 28

furnishers' duties under subsection (b)."[49]  Once notified of a dispute from a CRA, the furnisher must conduct an investigation into the disputed information and report the results of this investigation to the CRAs.[50]  Mr. Poffenbarger's complaint does not allege that KeyBank was informed by a CRA of his dispute.  Nor does Mr. Poffenbarger allege that, after receiving such notice, KeyBank failed to perform the requisite investigation or reporting.  But the Court concludes that Mr. Poffenbarger might be able to plead facts that would entitle him to relief pursuant to § 1681s-2(b).  Accordingly, this claim is dismissed without prejudice to present it in an amended complaint in accordance with the guidance provided herein.

There is one final matter that merits consideration: a claim under the FCRA must be brought in federal district court not later than two years after the date of discovery by the plaintiff of the violation that is the basis of liability or five years after the date on which the cause of action arose, whichever is earlier.[51]  As Mr. Poffenbarger's claims are currently pleaded, it appears that he is alleging that the CRAs violated the FCRA beginning at some point in 2019[52] and that KeyBank

---

[49] *Gorman*, 584 F.3d at 1154 (first citing 15 U.S.C. § 1681s-2(b)(1); and then citing *Nelson*, 282 F.3d at 1059–60).

[50] 15 U.S.C. § 1681s-2(b)(1).

[51] 15 U.S.C. §1681p; *see also Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1109–10 (9th Cir. 2012).

[52] Docket 1 at 1–2 (Case No. 3:23-cv-00034-SLG).

Case No. 3:23-cv-00034-SLG, *Poffenbarger v. Equifax et al.*
Case No. 3:23-cv-00049-SLG, *Poffenbarger v. Key Bank Corporation, Keycorp et al.*
Order re All Pending Motions
Page 17 of 28

Case 3:23-cv-00049-SLG   Document 14   Filed 09/05/23   Page 17 of 28

allegedly violated the FCRA at some point beginning in early 2020.[53]  It is unclear when exactly Mr. Poffenbarger discovered these violations.  If Mr. Poffenbarger elects to file amended complaints against the CRAs and KeyBank in an attempt to address the deficiencies identified with the complaints in this order, he would need to demonstrate that his claims are timely or risk dismissal on that basis.

### IV.    KeyBank's Remaining Arguments

First, KeyBank urges the Court to dismiss the individual defendants, stating only that "Poffenbarger asserts no factual allegations establishing a cause of action against Frackman or Gorman, nor could he.  Thus, their dismissal from this lawsuit is warranted."[54]  KeyBank carries the burden to prove that no legally cognizable claim exists, but it has not cited to any facts in the complaint nor to any law to support this argument.[55]  Moreover, if the Court construes the facts in the light most favorable to Mr. Poffenbarger—as it must at this stage in the litigation—it appears that Ms. Frackman is a key player in this dispute, as Mr. Poffenbarger alleges that Ms. Frackman closed his account with KeyBank and failed to take sufficient action to correct an erroneous charge, despite numerous attempts made by Mr. Poffenbarger

---

[53] Docket 1 at 1 (Case No. 3:23-cv-00049-SLG).

[54] Docket 10 at 3 (Case No. 3:23-cv-00049-SLG).

[55] 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2023) ("Ultimately, the burden is on the moving party to prove that no legally cognizable claim for relief exists.").

Case No. 3:23-cv-00034-SLG, *Poffenbarger v. Equifax et al.*
Case No. 3:23-cv-00049-SLG, *Poffenbarger v. Key Bank Corporation, Keycorp et al.*
Order re All Pending Motions
Page 18 of 28

Case 3:23-cv-00049-SLG   Document 14   Filed 09/05/23   Page 18 of 28

to contact her.[56] Therefore, the Court will not grant dismissal of the KeyBank individual defendants at this time.

Second, KeyBank requests dismissal of Mr. Poffenbarger's Title 18 claims because they "fail as a matter of law."[57] This is because Mr. Poffenbarger is a private citizen and is therefore unable to initiate criminal charges under Title 18 of the United States Code.[58] The Court agrees; as Mr. Poffenbarger cannot plead any additional facts that would entitle him to such relief, the Court dismisses his Title 18 claims with prejudice.

Third, KeyBank maintains that Mr. Poffenbarger's claims pursuant to 42 U.S.C. § 1983 must be dismissed because KeyBank is not a state actor.[59] KeyBank is correct that § 1983 "excludes from its reach merely private conduct, no matter how discriminatory or wrong."[60] Here, the complaint against KeyBank only alleges conduct by a private entity. There is a legal presumption that such private conduct is not governmental action. "That presumption may be overcome in limited circumstances, such as where the state 'has exercised coercive power or has provided such

---

[56] Docket 1 at 1 (Case No. 3:23-cv-00049-SLG).

[57] Docket 10 at 3–4 (Case No. 3:23-cv-00049-SLG).

[58] *See Maine v. Taylor*, 477 U.S. 131, 137 (1986) ("[P]rivate parties . . . have no legally cognizable interest in the prosecutorial decisions of the Federal Government.").

[59] Docket 10 at 4. Mr. Poffenbarger does not specify which of his federal constitutional or statutory rights were allegedly violated, although he does invoke jurisdiction pursuant to § 1983. Docket 1 at 1 (Case No. 3:23-cv-00049-SLG). The Court will nonetheless construe the pleadings liberally and conclude that Mr. Poffenbarger intended to bring a claim pursuant to § 1983.

[60] *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (citation omitted).

Case No. 3:23-cv-00034-SLG, *Poffenbarger v. Equifax et al.*
Case No. 3:23-cv-00049-SLG, *Poffenbarger v. Key Bank Corporation, Keycorp et al.*
Order re All Pending Motions
Page 19 of 28

Case 3:23-cv-00049-SLG   Document 14   Filed 09/05/23   Page 19 of 28

significant encouragement' that the challenged action must be considered that of the state, or where 'the state knowingly accepts the benefits derived from unconstitutional behavior.'"[61]    Mr. Poffenbarger has not alleged that any of these limited circumstances are applicable here, so his § 1983 claim against KeyBank must be dismissed with prejudice.  Dismissal of this claim is without leave to amend because no additional facts would entitle him to § 1983 relief from KeyBank.

Fourth, KeyBank contends that Mr. Poffenbarger's claim for unlawful disclosure of personal information pursuant to the Gramm-Leach-Bliley Act, 15 U.S.C. § 6802, should be dismissed.[62]  The Act imposes numerous requirements on financial institutions with respect to the disclosure of personal information.[63]  Mr. Poffenbarger raised this claim for the first time in his "Amendment to Original Complaint" that was not properly filed in accordance with Rule 15.[64]  Accordingly, the Court will not consider this claim at this juncture, but Mr. Poffenbarger may seek to allege this claim in an amended complaint.[65]

Fifth, KeyBank requests dismissal of Mr. Poffenbarger's contractual claims.[66]

---

[61] *Id.* (citations omitted).

[62] Docket 10 at 5 (Case No. 3:23-cv-00049-SLG).

[63] *See generally* 15 U.S.C. § 6802.

[64] Docket 8 at 1 (Case No. 3:23-cv-00049-SLG).

[65] Note that as KeyBank correctly points out, however, subsection (e)(6) permits the disclosure of nonpublic personal information to CRAs in accordance with the FCRA.  Docket 10 at 5 (Case No. 3:23-cv-00049-SLG).

[66] Docket 10 at 6 (Case No. 3:23-cv-00049-SLG).

Case No. 3:23-cv-00034-SLG, *Poffenbarger v. Equifax et al.*
Case No. 3:23-cv-00049-SLG, *Poffenbarger v. Key Bank Corporation, Keycorp et al.*
Order re All Pending Motions
Page 20 of 28

Case 3:23-cv-00049-SLG    Document 14    Filed 09/05/23    Page 20 of 28

In his complaint, Mr. Poffenbarger alleges that "[t]here is evidence of procedural unconscionability with duress fraud and undue influence and fine print in there [sic] contract (Adhesion Contract)."[67] Mr. Poffenbarger's contractual claim fails because he has not provided a copy of his contract with KeyBank and he has not identified the specific contractual provision he is alleging was breached by KeyBank or is unconscionable.[68] Mr. Poffenbarger has not pleaded "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[69] However, Mr. Poffenbarger might be able to plead facts that would entitle him to relief under a breach of contract theory, so the Court will dismiss his contractual claims against KeyBank with leave to amend in accordance with the guidance provided herein.

## V.    The Credit Reporting Agencies' Remaining Arguments

TransUnion requests dismissal of Mr. Poffenbarger's claims brought pursuant to the Privacy Act of 1974.[70] "The Act gives agencies detailed instructions for managing their records and provides for various sorts of civil relief to individuals

---

[67] Docket 1 at 1 (Case No. 3:23-cv-00049-SLG).

[68] *See Caraccioli v. Facebook, Inc.*, 167 F. Supp. 3d 1056, 1064 (N.D. Cal. 2016) ("To properly plead breach of contract, '[t]he complaint must identify the specific provision of the contract allegedly breached by the defendant.'" (alteration in original) (citation omitted)).

[69] *Ashcroft*, 556 U.S. at 678 (citation omitted).

[70] Docket 10 at 10 (Case No. 3:23-cv-00034-SLG).

Case No. 3:23-cv-00034-SLG, *Poffenbarger v. Equifax et al.*
Case No. 3:23-cv-00049-SLG, *Poffenbarger v. Key Bank Corporation, Keycorp et al.*
Order re All Pending Motions
Page 21 of 28

aggrieved by failures on the Government's part to comply with the requirements."[71] However, the Act applies only to federal agencies and not to private actors, as it defines an "agency" subject to the Act as "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency."[72] Mr. Poffenbarger has not, and is unable to allege that any of the CRAs are federal agencies subject to the Privacy Act.[73] The Court accordingly dismisses the Privacy Act claims against the CRAs with prejudice.[74]

Mr. Poffenbarger has also alleged a defamation claim pursuant to Alaska state law in his complaint against the CRAs.[75] Pursuant to Alaska law, the elements of a defamation claim are as follows: "'(1) a false and defamatory statement; (2) unprivileged publication to a third party; (3) fault amounting at least to negligence; and (4) either per se actionability or special reputation of another so as to lower [the

---

[71] *Doe v. Chao*, 540 U.S. 614, 618 (2004).

[72] 5 U.S.C. § 552(f)(1).

[73] *See Cuttino v. Walmart W. Union*, Case No. 23-cv-1111-BAS-JLB, 2023 WL 4878786, at *2 (S.D. Cal. July 31, 2023) ("The Defendant in this case is a private company, and nothing in the Complaint suggests any government involvement. Accordingly, the Privacy Act of 1974 does not apply to Defendant." (citation omitted)).

[74] If Mr. Poffenbarger elects to timely file an amended complaint that names Equifax Information Services LLC as a defendant, he cannot maintain a claim pursuant to the Privacy Act against that CRA either.

[75] Docket 1 at 1–3 (Case No. 3:23-cv-00034-SLG).

Case No. 3:23-cv-00034-SLG, *Poffenbarger v. Equifax et al.*
Case No. 3:23-cv-00049-SLG, *Poffenbarger v. Key Bank Corporation, Keycorp et al.*
Order re All Pending Motions
Page 22 of 28

Case 3:23-cv-00049-SLG   Document 14   Filed 09/05/23   Page 22 of 28

plaintiff] in the estimation of the community or deter third persons from associating or dealing with' the plaintiff."[76]  Courts in the Ninth Circuit have suggested that "'more specific allegations than are otherwise required' are necessary in order to ensure that the action will not chill the exercise of First Amendment rights."[77]  For example, the Ninth Circuit held that a complaint was sufficient when it "list[ed] the precise statements alleged to be false and defamatory, who made them and when."[78]

TransUnion urges the Court to dismiss Mr. Poffenbarger's defamation claim, asserting that this state law claim is preempted by federal law.[79]  Indeed, the FCRA preempts state common law defamation claims "except as to false information furnished with malice or willful intent to injure such consumer."[80]  This means that Mr. Poffenbarger is limited to seeking relief pursuant to the FCRA and cannot pursue a defamation claim unless he can plausibly allege facts that, if proven, would demonstrate that a CRA acted with malice or willful intent to injure him.  The term "malice" is defined as acting "with knowledge that it was false or with reckless

---

[76] *Suulutaaq, Inc. v. Williams*, 782 F. Supp. 2d 795, 805 (D. Alaska 2010) (quoting *State v. Carpenter*, 171 P.3d 41, 51 (Alaska 2007)).

[77] *Id.* at 805 (quoting *Harris v. City of Seattle*, Case No. C02-2225P, 2003 WL 1045718, at *3 (W.D. Wash. Mar. 3, 2003)).

[78] *Flowers v. Carville*, 310 F.3d 1118, 1131 (9th Cir. 2002).

[79] Docket 10 at 5–7 (Case No. 3:23-cv-00034-SLG).

[80] *Bloom v. I.C. Sys., Inc.*, 972 F.2d 1067, 1069 (9th Cir. 1992) (emphasis omitted) (quoting 15 U.S.C. § 1681h(e)).

Case No. 3:23-cv-00034-SLG, *Poffenbarger v. Equifax et al.*
Case No. 3:23-cv-00049-SLG, *Poffenbarger v. Key Bank Corporation, Keycorp et al.*
Order re All Pending Motions
Page 23 of 28

Case 3:23-cv-00049-SLG   Document 14   Filed 09/05/23   Page 23 of 28

disregard of whether it was false or not."[81]  To show "reckless disregard," a plaintiff must show "sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth . . . ."[82]

In his complaint, Mr. Poffenbarger has not alleged any facts to satisfy the elements of a defamation claim against a CRA.  Nor has he identified any facts showing that a CRA created credit reports regarding Mr. Poffenbarger with knowledge that they were false, or that a CRA had serious doubts as to their veracity. Indeed, Mr. Poffenbarger's complaint against the CRAs has not even identified what information in his credit reports he alleges was false, let alone that the CRAs knew that they were reporting false information.  Nonetheless, the Court finds that Mr. Poffenbarger might be able to plead facts that would entitle him to relief for defamation, so the defamation claims are dismissed without prejudice to renew in an amended complaint.

### VI.    Mr. Poffenbarger's Motion for Summary Judgment

Mr. Poffenbarger filed for summary judgment at Docket 23 in Case Number 3:23-cv-00034-SLG.  Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure when the moving party demonstrates that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.[83]

---

[81] *Gorman*, 584 F.3d at 1168 (quoting *N.Y. Times v. Sullivan*, 376 U.S. 254, 279–80 (1964)).

[82] *Id.* (quoting *St. Amant v. Thompson*, 390 U.S. 727, 731 (1968)).

[83] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

Case No. 3:23-cv-00034-SLG, *Poffenbarger v. Equifax et al.*
Case No. 3:23-cv-00049-SLG, *Poffenbarger v. Key Bank Corporation, Keycorp et al.*
Order re All Pending Motions
Page 24 of 28

Case 3:23-cv-00049-SLG   Document 14   Filed 09/05/23   Page 24 of 28

A material fact is one that "might affect the outcome of the suit under the governing law."[84]  "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[85]  The party seeking summary judgment bears the burden of establishing the absence of a genuine issue of material fact.[86]  The moving party may meet this burden by identifying the "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,'" that show an absence of dispute regarding a material fact.[87]  In ruling on a motion for summary judgment, a court must view the facts and draw all reasonable inferences in the light most favorable to the non-moving party.[88]  "If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial."[89]

Although Mr. Poffenbarger has characterized his filing as a Motion for Summary Judgment, his motion does not meet his initial burden under Rule 56(a) to inform the Court of any viable basis for granting summary judgment in his favor.  He

---

[84] *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

[85] *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.,* 618 F.3d 1025, 1031 (9th Cir. 2010) (citation omitted).

[86] *Celotex,* 477 U.S. at 323.

[87] *Anderson,* 477 U.S. at 248.

[88] *Scott v. Harris,* 550 U.S. 372, 378 (2007).

[89] *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102-1103 (9th Cir. 2000) (citations omitted).

Case No. 3:23-cv-00034-SLG, *Poffenbarger v. Equifax et al.*
Case No. 3:23-cv-00049-SLG, *Poffenbarger v. Key Bank Corporation, Keycorp et al.*
Order re All Pending Motions
Page 25 of 28

Case 3:23-cv-00049-SLG   Document 14   Filed 09/05/23   Page 25 of 28

has not contended that there are no genuine issues of material fact; nor has he cited any portions of the record or submitted any evidence in support of his motion. His reliance on Evidence Rule 602 and 42 U.S.C. § 12203 is unfounded.[90] Further, the Court finds the record insufficient for the Court to decide whether the CRAs properly discharged their obligations in accordance with the FCRA. Accordingly, Mr. Poffenbarger's Motion for Summary Judgment is denied without prejudice.

## CONCLUSION

In light of the foregoing, IT IS ORDERED that:

1. KeyBank's Motion to Dismiss at Docket 10 in Case No. 3:23-cv-00049-SLG is GRANTED IN PART and DENIED IN PART as follows:

    a. Plaintiff's claims brought pursuant to 15 U.S.C. § 1681s-2(b) and the contractual claims are DISMISSED WITHOUT PREJUDICE TO RENEW. Mr. Poffenbarger may refile these claims in an amended complaint in accordance with the guidance provided herein;

    b. Plaintiff's claims brought pursuant to 15 U.S.C. § 1681s-2(a), Title 18, and 42 U.S.C. § 1983 are DISMISSED WITH PREJUDICE. Mr. Poffenbarger shall not include these claims in an amended complaint;

    c. KeyBank's motion seeking dismissal of the individual defendants is DENIED WITHOUT PREJUDICE;

---

[90] Docket 23 at 1 (Case No. 3:23-cv-00034-SLG).

Case No. 3:23-cv-00034-SLG, *Poffenbarger v. Equifax et al.*
Case No. 3:23-cv-00049-SLG, *Poffenbarger v. Key Bank Corporation, Keycorp et al.*
Order re All Pending Motions
Page 26 of 28

Case 3:23-cv-00049-SLG   Document 14   Filed 09/05/23   Page 26 of 28

2. TransUnion's Motion to Dismiss at Docket 9 and Experian's Motion to Dismiss at Docket 15 both in Case No. 3:23-cv-00034-SLG are GRANTED as follows:

    a. Plaintiff's claims brought pursuant to 15 U.S.C. §§ 1681e(b) and 1681i and the defamation claims are DISMISSED WITHOUT PREJUDICE. Mr. Poffenbarger may assert these claims in an amended complaint in accordance with the guidance provided herein;

    b. Plaintiff's claims brought pursuant to the Privacy Act of 1974 are DISMISSED WITH PREJUDICE. Mr. Poffenbarger shall not include these claims in an amended complaint;

3. Equifax's Motion to Dismiss in Case No. 3:23-cv-00034-SLG at Docket 20 is GRANTED as to CEO Mark Begor pursuant to Rule 12(b)(5); and GRANTED as to Equifax Inc., but Mr. Poffenbarger is accorded leave to file an amended complaint that names the correct defendant CRA;

4. Mr. Poffenbarger's Motion for Summary Judgment at Docket 23 in Case No. 3:23-cv-00034-SLG is DENIED;

5. Mr. Poffenbarger is accorded **30 days** from the date of this order to file **one of the following in each of the two cases addressed in this order**:

    a. <u>First Amended Complaint</u>, in which Mr. Poffenbarger files an amended complaint that addresses the deficiencies identified in this order. An amended complaint replaces the prior complaint in its entirety. An amended complaint need not contain legal research or analysis, but it

Case No. 3:23-cv-00034-SLG, *Poffenbarger v. Equifax et al.*
Case No. 3:23-cv-00049-SLG, *Poffenbarger v. Key Bank Corporation, Keycorp et al.*
Order re All Pending Motions
Page 27 of 28

Case 3:23-cv-00049-SLG   Document 14   Filed 09/05/23   Page 27 of 28

must contain sufficient facts that state a viable claim for relief. An amended complaint must include all of the claims Mr. Poffenbarger seeks to bring against the defendant, except it shall not include any claims that have been dismissed with prejudice in this order. Any exhibits attached to an amended complaint should be submitted without any alterations or annotations by Mr. Poffenbarger; **OR**

    b. <u>Notice of Voluntary Dismissal</u>, in which Mr. Poffenbarger elects to close and end the case;

6. If Mr. Poffenbarger does not file either an Amended Complaint or Notice of Voluntary Dismissal **within 30 days from the date of this order in each of these cases**, that case may be dismissed with prejudice without further notice to Plaintiff;

7. The Clerk of Court is directed to send Mr. Poffenbarger the following forms with this order:

    a. Notice of Voluntary Dismissal (form PS09);

    b. Notice of Change of Address (form PS23); and

    c. The District Court's handbook, "REPRESENTING YOURSELF IN ALASKA'S FEDERAL COURT."

DATED this 5th day of September, 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:23-cv-00034-SLG, *Poffenbarger v. Equifax et al.*
Case No. 3:23-cv-00049-SLG, *Poffenbarger v. Key Bank Corporation, Keycorp et al.*
Order re All Pending Motions
Page 28 of 28

Case 3:23-cv-00049-SLG   Document 14   Filed 09/05/23   Page 28 of 28